CIACCIO, Judge,
concurring in the result.
I agree with the majority’s calculations and result. I find no reason, however, to disagree with Ellithorp v. Ellithorp, 509 So.2d 178 (La.App. 1st Cir.1987). The court in Ellithorp applied the appropriate codal provisions, made no erroneous legal pronouncements, and recognized implicitly the necessity of a case-by-case approach to determine the character, separate or community, of property to be partitioned at the termination of the community. I agree with the approach employed in Ellithorp.
The only community asset at issue in this case is that portion of plaintiff’s personal injury settlement representing earnings lost during the community. I calculate Mrs. Thomas’s share as follows.
what plaintiff would have earned from date of accident to date of termination of community (stipulated) 40,639.83
minus
what plaintiff received during that period as worker’s compensation (stipulated) - 21,824.00
total lost earnings for that period as part of plaintiff’s settlement 18,815.83
minus
amount attributable to costs and attorney fees necessary to obtain settlement (43% of 18,815.83) - 8,090.81
total amount, less costs and fees, of settlement for earnings lost during existence of the community 10,725.02
divided by 2; Mrs. Thomas’s share 5,362.51
In this case the trial judge’s only error was a miscalculation of the amount representing fees and costs deducted from that portion of Mr. Thomas’s settlement which was community property. To calculate the amount representing fees and costs the trial judge applied a percentage, 43%, to the amount, 40,639.83, Mr. Thomas would have earned had he not been injured; that was incorrect because the costs and fees were not incurred to recover that entire amount. The trial judge should have applied the percentage to only the amount *1247 received in settlement for .earnings lost during the community, 18,815.83, which amount is less because Mr. Thomas received worker’s compensation during the community which offset his lost earnings. The costs and fees are attributable to only the settlement recovery for earnings lost during the community and not to the entire amount of lost earnings because the settlement involved no costs or fees incurred in recovering the worker’s compensation paid during the community.
Upon review, this court needed to correct only that simple miscalculation. Having done that, no further discussion was necessary as no legal principles or their application have been called into question. I, therefore, respectfully concur in the result without joining in the reasoning of the majority opinion.